CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 12 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYLER DANIEL BETHEL,<br>　　Petitioner, | ) <br> ) <br> ) | Civil Action No. 7:17-cv-00083 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| DIRECTOR,<br>　　Respondent. | ) <br> ) <br> ) | By:　Hon. Michael F. Urbanski<br>　　　United States District Judge |

Tyler Daniel Bethel, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the judgment entered by the Circuit Court of Pittsylvania County. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Cases. After reviewing the record, the court dismisses the petition as time barred.

I.

On June 2, 2009, the Circuit Court of Pittsylvania County sentenced Petitioner to more than twenty-two years' incarceration for drug- and firearm-related crimes. Petitioner's direct appeals concluded at the Supreme Court of Virginia on November 1, 2010.

On March 23, 2012, Petitioner filed a petition for a writ of habeas corpus with the Circuit Court of Pittsylvania County, which denied the petition. Petitioner appealed to the Supreme Court of Virginia, which refused the appeal on March 7, 2016.

Petitioner filed the instant petition on March 2, 2017. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule). The court conditionally filed the petition, advised Petitioner that the petition appeared to be untimely filed, and provided him the opportunity to

explain why the court should consider it timely filed. Petitioner provides the dates of various events but does not argue the timeliness of the petition.

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] The applicable period for the instant petition began to run from the date on which the judgment of conviction became final.[2] 28 U.S.C. § 2244(d)(1)(A); see Clay v. United States, 537 U.S. 522, 524 (2003) (holding a conviction becomes final once the availability of direct review is exhausted). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2); see Wall v. Kholi, 562 U.S. 545, 558-59 (2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on January 31, 2011, when the time expired for Petitioner to note an appeal from the Supreme Court of Virginia to the United States Supreme Court. See U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of certiorari within ninety days of the judgment

---

[1] The one-year limitation period begins to run on the latest of four dates:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

being appealed). Petitioner filed his state habeas petition in March 2012, more than 400 days after his judgment became final. Because the federal limitations period had already expired by the time Petitioner filed his state habeas petition, tolling under 28 U.S.C. § 2244(d)(2) does not apply. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that state habeas petitions cannot revive a period of limitations that had already expired). Accordingly, Petitioner did not file the instant petition within one year of when the criminal judgment became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010).

Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstances in this record that prevented Petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting that pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, Petitioner filed his federal habeas petition more than one year after the judgment became final, Petitioner is

3

not entitled to equitable tolling, and the petition must be dismissed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (recognizing a district court may summarily dismiss a § 2254 petition if a petitioner fails to make the requisite showing of timeliness after the court notifies petitioner that the petition appears untimely and allows an opportunity to provide any argument and evidence).

### III.

For the foregoing reasons, the court dismisses the petition for a writ of habeas corpus as time barred. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied. Petitioner's motion for release pending review and motion to stay enforcement of the state judgment are denied.

**ENTER:** This 11th day of May, 2017.

/s/ Michael F. Urbanski
United States District Judge